**REVERSE and REMAND and Opinion Filed March 27, 2024**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-24-00073-CR**
_____

**EX PARTE FERNANDO ALVAREZ BARRAGAN**

**On Appeal from the County Court**
**Kinney County, Texas**
**Habeas Court Cause No. 12249CR**

## MEMORANDUM OPINION

Before Justices Garcia, Breedlove, and Kennedy
Opinion by Justice Kennedy

Appellant Fernando Alvarez Barragan is a noncitizen who was arrested under Operation Lone Star (OLS) and charged with the misdemeanor offense of criminal trespass. Following his arrest, appellant filed an application for a pretrial writ of habeas corpus in which he requested the issuance of a habeas writ and a dismissal of the underlying charge. Appellant contended he was the subject of selective prosecution in violation of state and federal constitutional equal protection principles. The habeas court denied his application on the merits, and appellant

appealed, contending the habeas court erred in not granting his requested relief.[1] Based on the reasoning below, we reverse and remand to the habeas court with instructions to enter an order dismissing appellant's criminal case with prejudice.

## I.    STANDARD OF REVIEW

In reviewing the merits of a habeas court's decision to grant or deny habeas corpus relief, we defer to the habeas court's assessment of the facts when those facts turn on an evaluation of credibility and demeanor. *Ex parte Perusquia*, 336 S.W.3d 270, 274–75 (Tex. App.—San Antonio 2010, pet. ref'd) (not designated for publication); *Ex parte Quintana*, 346 S.W.3d 681, 684 (Tex. App.—El Paso 2009, pet. ref'd) (not designated for publication). And we view the facts in the light most favorable to the habeas court's ruling, upholding it absent an abuse of discretion. *Id.*; *see also Ex parte Trevino*, 648 S.W.3d 435, 439 (Tex. App.—San Antonio 2021, no pet.) (not designated for publication) (recognizing that an appellate court views the facts in the light most favorable to the habeas court's ruling). Reviewing courts must also grant deference to implicit findings of fact that support the habeas court's ultimate ruling. *Perusquia*, 336 S.W.3d at 275 (citing *Ex parte Wheeler*, 203 S.W.3d 317, 324 n.23 (Tex. Crim. App. 2006)). However, "[i]f the resolution of the ultimate question turns on an application of the law, we review the determination de novo."

---

[1] The appeal was transferred from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent required by Texas Rule of Appellate Procedure 41.3.

*Id.*; *see also Ex parte Vazquez-Bautista*, 683 S.W.3d 504, 510 (Tex. App.—San Antonio, pet. filed) (recognizing same in the context of an appeal from a habeas court's decision granting an OLS applicant's pre-trial petition for a writ of habeas corpus).

To prevail on a writ of habeas corpus, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Habeas corpus is a remedy available to applicants who are "restrained in their liberty." *See* TEX. CODE CRIM. PROC. ANN. art. 11.01.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Appellant's arrest and application for a pretrial writ of habeas corpus

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety to initiate OLS "to deter[ ] illegal border crossing and . . . prevent criminal activity along the border." *Ex parte Aparicio*, 672 S.W.3d 696, 701 (Tex. App.—San Antonio 2023, pet. granted).

As part of OLS, appellant, a noncitizen, was arrested for misdemeanor criminal trespass in Kinney County on February 14, 2022. Appellant then filed an application for a pretrial writ of habeas corpus seeking dismissal of the criminal charge, arguing his rights had been violated under the United States Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment, as the State was selectively prosecuting men, and not similarly situated women, for

criminal trespass under the OLS. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3a. Appellant attached several exhibits supporting his claim that the State had a policy of arresting only male noncitizens for criminal trespass while referring similarly situated female noncitizens to Border Patrol. Among the exhibits was a Notice of Stipulation filed in another OLS case in which the State stipulated: "women are not prosecuted for trespass as part of Operation Lone Star, even when they are found trespassing."

Appellant argued the State's policy of selectively prosecuting only men violated his equal protection rights, as it had both a discriminatory intent and a discriminatory effect. He further argued the State could not meet its burden of justifying its discriminatory conduct, because the State's rationalization that it only prosecuted men due to financial constraints was insufficient to meet this burden.

The habeas court subsequently denied appellant's application, and Appellant filed a notice of appeal. For the reasons set forth below, we reverse the habeas court's denial of relief.

**B.** *Aparicio* **and its progeny**

On appeal, appellant heavily relies on the Fourth Court of Appeals opinion in *Ex parte Aparicio*, 672 S.W.3d 696, which was issued on June 21, 2023, about six months before the habeas court ruled on his habeas application. Thus, we start with a review of our sister court's opinion in *Aparicio*. In that case, a noncitizen (Aparicio), who had been arrested for criminal trespass in Maverick County as part

of OLS, filed a pretrial writ of habeas corpus seeking dismissal of the charge against him, making an identical claim that the State was selectively prosecuting men under OLS in violation of his constitutional rights. *Aparicio*, 672 S.W.3d at 701. As in this case, the habeas court denied Aparicio's writ on the merits despite undisputed evidence that the State was criminally prosecuting only male noncitizens for trespass under OLS. *Id.* at 706. The habeas court found Aparicio's equal protection argument failed because the State could prosecute women if it "chose to."[2] *Id.*

The Fourth Court of Appeals disagreed, finding Aparicio met his initial burden of establishing a prima facie case of selective prosecution, i.e., that "the prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id.* at 713. The burden then shifted to the State "to justify the discriminatory treatment." *Id.* at 715 (citing *Ex parte Quintana*, 346 S.W.3d 681, 685 (Tex. App.—El Paso 2009, pet. ref'd)).

As the Fourth Court pointed out, Aparicio's federal equal protection claim was subject to intermediate scrutiny; namely, the State had to demonstrate that its "discriminatory classification is substantially related to an important governmental interest." *Id.* at 708 (citing *Clark v. Jeter*, 486 U.S. 456, 461 (1988)); *Casarez v. State*, 913 S.W.2d 468, 493 (Tex. Crim. App. 1994) (en banc) (op. on reh'g)). And Aparicio's state-based equal rights claim was subject to strict scrutiny; namely, the

---

[2]In particular, the habeas court heard evidence that "as part of OLS, 4,076 people had been arrested for misdemeanor offenses and not a single individual arrested was a woman." *Aparicio*, 672 S.W.3d at 714.

–5–

State had to demonstrate that its actions were "narrowly tailored to serve a compelling governmental interest." *Id.* at 716 (citing *In re Dean*, 393 S.W.3d 741, 749 (Tex. 2012)).

On appeal, the State argued "the emergency situation on Texas's southern border justifies its discriminatory actions." *Id.* However, the court of appeals noted that the habeas court never reached the merits of that issue, as it determined Aparicio had not met his burden of establishing a prima facie case of selective prosecution on the basis of sex. *Id.* The court therefore reversed the habeas court's denial of Aparicio's application for a writ of habeas corpus and remanded the matter to the habeas court to "determine whether the State's discriminatory classification was justified" under both constitutional claims.[3] *Id.*

The Fourth Court of Appeals, however, has since decided several cases involving OLS prosecutions of men and held the State failed to meet its burden of establishing a justification for its gender discrimination. Recently, the court issued *State v. Gomez*, No. 04-22-00872-CR, 2023 WL 7552682 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed) involving a similar claim of selective prosecution on the

---

[3]We note the Court of Criminal Appeals granted the State's petition for discretionary review. *See Aparcio v. State*, No. PD-0461-23, 2024 WL 178283 (Tex. Crim. App. 2024). In the petition, the State argues the court erroneously concluded Aparicio's claim was cognizable in a pretrial writ of habeas corpus. The Court of Criminal Appeals, on its own motion, granted review on the following ground:

> Whether the Court of Appeals erred in reversing the habeas court's finding that Appellant failed to establish a prima facie case of selective prosecution on the basis of sex discrimination.

*See id.*

basis of sex made in an application for a pretrial writ of habeas corpus by another male noncitizen (Gomez) who had been arrested in Kinney County for criminal trespass as part of OLS. In that case, the habeas court issued the writ, held an evidentiary hearing, then granted the writ. *Id.* at *1. The State appealed, conceding it had only arrested males at the border under OLS but arguing its discriminatory actions were justified based on "(1) Governor Abbott's Proclamation declaring an emergency regarding border security; and (2) testimony that the counties implementing OLS do not have sufficient facilities to hold women detainees."[4] *Id.* at *5. The Fourth Court of Appeals rejected the State's argument, finding that although security at the border may be considered a compelling interest, the State did not demonstrate its actions were narrowly tailored to serve that interest. *Id.* The court noted OLS was a multi-billion-dollar operation, and the State did not explain why it could not have allocated funds for a facility to hold women. *Id.* The court therefore held the habeas court did not abuse its discretion in "concluding the State failed in its burden of justifying its discriminatory conduct under strict scrutiny, as required by Texas's Equal Rights Amendment," and it affirmed the decision to grant Gomez his requested relief and dismiss his criminal case.[5] *Id.*

---

[4]At the evidentiary hearing, Captain Joel Betancourt, who oversees the district in which participating OLS counties are located, testified that women were "always sent to immigration" because there was no place to put them," as "the local county jails have no capacity." *Gomez*, 2023 WL 7552682, at *2.

[5]The Fourth Court has reached a similar result in several other cases. *See, e.g.*, *State v. Rodriguez Rodas*, No. 04-22-00885-CR, 2023 WL 8103194, at *2 (Tex. App.—San Antonio Nov. 22, 2023, pet. filed.) (mem. op., not designated for publication); *State v. Garcia Compean*, No. 04-22-00886-CR, 2023 WL

In addition, the Fourth Court of Appeals recently held a habeas court erred in denying an OLS defendant's habeas applications where the State again failed to meet its burden of establishing a justification for its gender discrimination despite having the opportunity to do so. *See Vazquez-Bautista*, 683 S.W.3d at 513–14; *Ex Parte Gonzalez-Morales*, No. 04-22-00629-CR, 2023 WL 8793121, at *3 (Tex. App.—San Antonio Dec. 20, 2023, pet. filed) (mem. op., not designated for publication).

### III.  WE REVERSE AND REMAND FOR DISMISSAL OF THE CHARGE

Appellant argues the habeas court erred by denying his selective-prosecution claim because he properly raised his claim in pretrial habeas writ, he established a prima-facie case of sex discrimination, and the State failed to justify its discriminatory policy. We agree with appellant.

### A.  Appellant's pretrial selective prosecution equal protection claim was cognizable on habeas.

We start with appellant's argument that his claim of selective prosecution is cognizable in a pretrial writ of habeas corpus. The Fourth Court of Appeals considered this issue and concluded a "selective-prosecution claim on the basis of equal protection is the type of claim 'in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review.'" *Aparicio*, 672 S.W.3d at 709 (quoting *Ex parte Ingram*,

---

8104870, at *2 (Tex. App.—San Antonio Nov. 22, 2023, pet. filed) (mem. op., not designated for publication).

533 S.W.3d 887, 892 (Tex. Crim. App. 2017)). Accordingly, the Fourth Court of Appeals held the claim was cognizable in a pretrial habeas proceeding. *Id.* As it did in prior cases, the State argues that appellant's claim is not cognizable but offers no new authority for this claim; it simply contends *Aparicio* was wrongly decided, and we should resolve the issue differently. We disagree and follow the on-point precedent of the Fourth Court of Appeals. *See* TEX. R. APP. P. 41.3 (a transferee court must follow the precedent of the transferor court). Thus, for the same reasons explained in *Aparicio*, we hold appellant's pretrial habeas claim is cognizable.

## B. Appellant established a prima-facie claim of discrimination.

We next consider whether appellant met his burden of proving a prima-facie claim.[6] To establish a prima-facie case of selective prosecution, appellant must show the "prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *United States v. Armstrong*, 517 U.S. 456, 465 (1996) (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985)). To establish a discriminatory effect in a selective prosecution case based on gender discrimination, appellant had to show similarly situated individuals of the opposite sex were not

---

[6]The habeas court did not find that appellant established a prima-facia claim of discrimination or that appellant failed to establish a prima-facia claim of discrimination. The habeas court's ruling on appellant's habeas application simply failed to mention whether appellant met his burden to establish a prima-facie claim. In its ruling, however, the habeas court determined the State met its burden of justifying its discriminatory conduct under the United States Constitution and the Texas Constitution. Accordingly, because the habeas court could not consider whether the State met its burden of justifying its discriminatory conduct unless appellant made a prima-facia claim of discrimination, we presume the habeas court found that appellant did indeed establish a prima-facia claim of discrimination, and we review the habeas court's implied ruling. *See Aparicio*, 672 S.W.3d at 715 (holding once a defendant meets his burden of presenting a prima-facie case, the burden shifts to the State to justify the discriminatory treatment).

prosecuted for the same conduct. *See id.* (stating standard with respect to race discrimination); *Robles v. State*, 585 S.W.3d 591, 597 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) (applying *Armstrong* standard to gender discrimination). To demonstrate the prosecution was motivated by a discriminatory purpose, appellant had to show the State's selection of him for prosecution was based on an impermissible consideration like gender. *See Wayte*, 470 U.S. at 610; *Lovill v. State*, 287 S.W.3d 65, 79 (Tex. App.—Corpus Christi-Edinburg 2008), *rev'd on other grounds*, 319 S.W.3d 687 (Tex. Crim. App. 2009).

In *Aparicio*, the Fourth Court held the State's policy of prosecuting men but not women for trespass established a prima-facie case of sex discrimination. *See Aparicio*, 672 S.W.3d at 713–15. As the appellant in *Aparicio* did, here, appellant introduced evidence demonstrating the State prosecuted men but not women trespassers as part of OLS and that this policy was in effect when the State arrested him on February 22, 2022.

Appellant introduced testimony from Captain Joel Betancourt, a senior official at the Texas Department of Public Safety. Betancourt's testimony was made in a prior case and concerned State-created detention facilities used to enforce OLS. At a November 2022 hearing, Betancourt testified the State did not have facilities to house women arrested for trespassing. Thus, only men were arrested for trespassing. Betancourt also testified about an email he sent his subordinates in August 2021 that provided guidance regarding whom should be arrested pursuant to OLS. Betancourt

–10–

confirmed during his testimony, that his email directed DPS officers to arrest men only.

Appellant also provided an affidavit from Claudia Molina, a supervisor at the Lubbock Private Defenders Office. As part of her duties, Molina assigns appointed counsel to OLS defendants. In her affidavit, Molina stated that as of September 2022, all 5,000 people the State prosecuted for trespassing under the OLS program were men.

In its response, the State provided an affidavit from the South Texas Regional Director Victor Escalon.[7] Escalon acknowledged that "DPS personnel were directed not to arrest females for criminal trespass" when the program began. Escalon further declared the State discriminated based on sex to "triage finite resources," and the State wanted to target "males between the ages of 18-65" because it believed that those individuals presented the greatest risk to Texans.

The State argues, appellant "would have been arrested whether the policy existed or not." This does not, however, answer the question of whether "similarly situated individuals of the opposite sex were not prosecuted for the same conduct." Additionally, the State argues, as it did in *Aparicio*, that its discriminatory policy did not have a discriminatory purpose because it had not targeted men per se but chose

---

[7]In the habeas court's ruling on appellant's habeas application, the habeas court stated it accepted the statements in the affidavit of Victor Escalon as "credible." Moreover, the habeas court "adopt[ed] his affidavit as part of its findings."

not to prosecute women because of a lack of a "facility" that could hold "other individuals." *Aparicio*, 672 S.W.3d at 714. The Fourth Court of Appeals found this argument unavailing and held the State's policy had a discriminatory purpose. *Id.*

Appellant's evidence demonstrates women were not prosecuted for trespassing, but men were. Moreover, the evidence demonstrates appellant's gender was the reason he was prosecuted. Accordingly, we hold appellant established—by a preponderance of the evidence—a prima-facie case of sex discrimination by showing OLS had a discriminatory effect and that it was motivated by a discriminatory purpose. *See Armstrong*, 517 U.S. at 465; *Richardson*, 70 S.W.3d at 870; *Aparicio*, 672 S.W.3d at 714.

## C.     The State failed to adequately justify its decision to discriminate.

We now turn to appellant's final argument in which he asserts the State did not meet its burden of justifying its discriminatory conduct under the United States Constitution or the Texas Constitution. *See Aparicio*, 672 S.W.3d at 716. With regard to appellant's claim under the Texas Constitution's Equal Rights Amendment, the State had to show that its discriminatory classification is narrowly tailored to serve a compelling governmental interest. *Id.* With regard to his federal equal protection claim, the State had to show "that the classification serves 'important governmental objectives and that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'" *Miss. Univ. for*

*Women v. Hogan*, 458 U.S. 718, 724 (1982) (quoting *Wengler v. Druggists Mut. Ins. Co.*, 446 U.S. 142, 150 (1980)).

As set forth above, the Fourth Court of Appeals has rejected various attempts by the State to justify its policy of gender discrimination during the same relevant time period, finding that although security at the border may be considered a compelling interest, the State failed to demonstrate that its actions were narrowly tailored to serve that interest. *See Gomez*, 2023 WL 7552682 at \*5–6; *Rodas*, 2023 WL 8103194 at \*2; *Compean*, 2023 WL 8104870, at \*2. Additionally, the Fourth Court has rejected the State's attempts to justify "that the classification serves 'important governmental objectives and that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'" *Id.* Thus, for the same reasons explained in those cases, we hold the State failed to justify its policy of gender discrimination.

**D.    We direct the habeas court to enter an order of dismissal.**

The proper remedy in this case is to reverse the habeas court's order denying appellant's writ application, without the necessity of remanding for any further proceedings on the merits of his claims and direct the habeas court to enter an order of dismissal. The sole purpose of an appeal from a habeas court's ruling is to "do substantial justice to the parties," and in resolving such an appeal, we may "render whatever judgment . . . the nature of the case require[s]." TEX. R. APP. P. 31.3 (in habeas appeals, an "appellate court will render whatever judgment and make

–13–

whatever orders the law and the nature of the case require"); Tex. R. App. P. 31.2 (in habeas appeals, "the sole purpose of the appeal is to do substantial justice to the parties"). And under the circumstances of this case, we do not believe it would do substantial justice to the parties to remand for any further proceedings on the merits.

Here, the State has not requested we remand this case to the habeas court for further proceedings to give it the opportunity to present additional evidence or arguments on the issue. Instead, in its prayer for relief, the State requests we affirm the habeas court's order denying appellant's habeas application.

Accordingly, because there is no dispute in the present case, either in the law or in the facts, on the question of whether the State unjustifiably engaged in gender discrimination against appellant, we conclude it would be an "exercise in futility" to remand for further proceedings on the merits. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 479–80 (5th Cir. 2018) (where facts and law were well-settled, court recognized that it would be an "exercise in futility" and "diminish judicial economy" to remand to the habeas court for further proceedings, where there was a "high likelihood" that the same issue would return to the court in a subsequent appeal, thereby further prolonging the litigation unnecessarily). As well, we find that remanding to the habeas court for additional proceedings on the merits would unnecessarily cause further delays in resolving appellant's habeas claim, which cuts against the principle that habeas proceedings should be handled in an expedited manner. *Ex parte Johnson*, 876 S.W.2d 340, 343 (Tex. Crim. App.

1994) (finding it appropriate to issue a writ of habeas corpus, without remanding to the habeas court, by utilizing its habeas corpus jurisdiction and power to "expedite a fair resolution of the unconstitutional situation the courts below have created for this applicant"); TEX. R. APP. P. 31.2(b) (providing that an appeal in a habeas corpus proceeding other than one challenging a defendant's conviction or placement on community supervision, "shall be submitted and heard at the earliest practicable time").

## IV. CONCLUSION

The habeas court erred, as a matter of law, in denying appellant's application for a pretrial writ of habeas corpus on the merits. Accordingly, we reverse the habeas court's order and remand to the habeas court to grant the writ and dismiss with prejudice the misdemeanor criminal trespass charge against appellant.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
240073F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE EX PARTE
FERNANDO ALVAREZ
BARRAGAN

No. 05-24-00073-CR

On Appeal from the County Court,
Kinney County, Texas
Trial Court Cause No. 12249CR.
Opinion delivered by Justice Garcia.
Justices Breedlove and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**REVERSED** and the cause **REMANDED** for further proceedings consistent with
this opinion.

Judgment entered March 27, 2024